MAIL

JUL 25 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

FREDERICK BANKS,
    PLAINTIFF,

vs.

Civil Action No.

PNC BANK; CEO, PNC BANK
NATIONAL CITY BANK; CEO NATIONAL
CITY BANK; ROBERT DICKEY; WELLS FARGO BANK;
CEO WELLS FARGO BANK; CHRISTINE ANDERSON;
EUREKA BANK; CEO EUREKA BANK; CITIZENS
BANK; CEO CITIZENS BANK; SKY BANK; CEO
SKY BANK; STEVEN ZINGER; AMAZON.COM; CEO,
AMAZON.COM; RHONDA VAN WINKLE;
THE UPS STORE; MANAGER, THE UPS STORE;
GIANT EAGLE; JIM ROZBORIL, Jason Mendle,
    DEFENDANTS.

CV06 1109 752

Jury Trial Demanded

## COMPLAINT

AND NOW COMES, the Plaintiff, Frederick Banks ("Banks") who alleges and represents for his complain as follows.

### Parties

1. The Plaintiff is Frederick Banks, an individual.

2. The Defendant's are PNC BANK, a financial institution, CEO, Pnc Bank, an individual and Chief Financial Officer of PNC Bank, National City Bank, a financial institution, Ceo National City Bank, an individual and Chief Financial officer of National City Bank, Robert Dickey, an individual and investigator of National City Bank, Wells Fargo Bank, a financial institution, Ceo Wells Fargo Bank, an individual and Chief Financial Officer of Wells Fargo Bank, Christine Anderson, an individual and investigator of Wells Fargo Bank, Eureka Bank, a financial institution, CEO Eureka Bank, an individual and Chief Financial Officer of Eureka Bank, Citizens Bank, a financial institution, CEO Citizens Bank, an individual and Chief Financial

Officer of Citizens Bank, Sky Bank, a financial institution, Ceo Sky Bank, an individual and Chief Financial Officer of Sky Bank, Steven Zinger, an individual and investigator of Sky Bank and former investigator of PNC Bank, Amazon.com, an organization, CEO, Amazon.com, an individual and Chief Financial Officer of Amazon.com, Rhonda Van Winkle, an individual and investigator of Amazon.com, The UPS Store, an organization, Manager, The UPS Store, an individual and manager of the UPS Store, Giant Eagle, an organization, Jim Rozboril, an individual and loss prevention supervisor of Giant Eagle. ("Defendants"). Defendants disseminated Bank's financial and personal identifying records to unauthorized third parties and did not return Bank's products or money which caused damaged to Banks.

### Venue

3. Venue is proper in the Western District of Washington because at least one of the Defendant's Amazon.com does its principle business there and Rhonda Van Winkle resides there. See. *Zhu v Whinery*, 109 Fed Appx. 137 (9th Cir. 2004). Though the events took place in many places and Banks resided in Pittsburgh Pennsylvania at the material times.

Background

4. Banks entered into a contract with PNC Bank and opened a personal checking account and money market account with them. Banks kept his end of the contracts by depositing the funds and keeping a balance in the account and writing checks and frequently using his ATM Card. The contract that Bank's signed mentioned nothing about PNC Bank being able to disseminate his personal, financial or other information to third parties.

5. During 2003, 2004, 2005 and 2006 Steven Zinger of PNC Bank handed over Banks personal records to law enforcement officers without being presented with a search warrant. At

least 8 months of Bank statements containing all of Bank's purchases were given up along with Banks social security number, address, birth date, Financial statements Banking history. Banks did not give consent for the records to be given up and did not sign any waiver and did not want such personal information disclosed.

6. Banks entered into a contract with National City Bank and opened two business checking accounts with them under Hexagon LLC d/b/a Hexagon Records his record production business. Banks kept his end of the contracts by depositing the funds and keeping a balance in the account and writing checks and frequently using his ATM Card. The contract that Bank's signed mentioned nothing about National City Bank being able to disseminate his personal, financial or other information to third parties.

7. During 2003 and 2004 Robert Dickey of National City Bank handed over Banks personal records to law enforcement officers without being presented with a search warrant. At least 12 months of Bank statements containing all of Bank's purchases were given up along with Banks social security number, address, birth date, Financial statements Banking history. Banks did not give consent for the records to be given up and did not sign any waiver and did not want such personal information disclosed. In Addition National City Bank disseminated 338 entries of purchases.

8. Banks entered into a contract with Wells Fargo Bank and opened two business checking accounts with them under Hexagon LLC his entertainment holding company. Banks kept his end of the contracts by depositing the funds and keeping a balance in the account and writing checks and frequently using his ATM Card. The contract that Bank's signed mentioned nothing about Wells Fargo Bank being able to disseminate his personal, business, financial or other information

3

to third parties.

9. During 2005 Christine Anderson of Wells Fargo Bank handed over Banks personal records to law enforcement officers without being presented with a search warrant. At least 3 months of Bank statements containing all of Bank's purchases were given up along with Banks social security number, address, birth date, Financial statements Banking history. Banks did not give consent for the records to be given up and did not sign any waiver and did not want such personal information disclosed.

10. Banks entered into a contract with Eureka Bank and opened two business checking accounts with them under Hexagon LLC his entertainment holding company. Banks kept his end of the contracts by depositing the funds and keeping a balance in the account and writing checks and frequently using his ATM Card. The contract that Bank's signed mentioned nothing about Eureka Bank being able to disseminate his personal, business, financial or other information to third parties.

11. During 2003 and 2004 The Manager Debra Roe of Eureka Bank handed over Banks personal records to law enforcement officers without being presented with a search warrant. At least 15 months of Bank statements containing all of Bank's purchases were given up along with Banks social security number, address, birth date, Financial statements Banking history. Banks did not give consent for the records to be given up and did not sign any waiver and did not want such personal information disclosed.

12. Banks entered into a contract with Citizens Bank and opened a business checking account and a personal account with them under HR Inc one of his entertainment businesses. Banks kept his end of the contracts by depositing the funds and keeping a balance in the account and writing

checks and frequently using his ATM Card. The contract that Bank's signed mentioned nothing about Citizens Bank being able to disseminate his personal, business, financial or other information to third parties.

13.     During 2003 and 2004 a fraud investigator ("John Dow 1") of Citizens Bank handed over Bank's personal records to law enforcement officers without being presented with a search warrant. At least 3 months of Bank statements containing all of Bank's purchases were given up along with Banks social security number, address, birth date, Financial statements Banking history. Banks did not give consent for the records to be given up and did not sign any waiver and did not want such personal information disclosed.

14.     Banks entered into a contract with Sky Bank and opened a business checking account with them under Hexagon LLC his entertainment holding company. Banks kept his end of the contract by depositing the funds and keeping a balance in the account and writing checks and frequently using his ATM Card. The contract that Bank's signed mentioned nothing about Eureka Bank being able to disseminate his personal, business, financial or other information to third parties.

15.     During 2005 Steven Zinger of Sky Bank handed over Banks personal records to law enforcement officers without being presented with a search warrant. At least 3 months of Bank statements containing all of Bank's purchases were given up along with Banks social security number, address, birth date, Financial statements Banking history. Banks did not give consent for the records to be given up and did not sign any waiver and did not want such personal information disclosed.

16.     Banks entered into a contract with Amazon.com and opened a internet store front

business with them on the internet to sell software. Banks kept his end of the contract by uploading and selling the software via shipments once a customer would come to the site and order the items and paying amazon it's commissions upon payment. The contract that Bank's signed mentioned nothing about Amazon.com being able to disseminate his personal, business, financial or other information to third parties.

17. During 2002-2004 Rhonda Van Winkle of Amazon.com handed over Banks personal records to law enforcement officers without being presented with a search warrant. At least 9 months of sales and financial statements containing all of Bank's transactions were given up along with Banks social security number, address, birth date, Financial statements and history. Banks did not give consent for the records to be given up and did not sign any waiver and did not want such personal information disclosed. Additionally, Amazon.com kept $7500.00 worth of Bank's product and directly debited his account for what it called "charged backs". Bank's asked for the software back that the company had not returned for the charge backs. Amazon.com never returned the software.

18. Banks entered into a contract with The UPS Store and opened a mailbox account with them under Hexagon LLC his entertainment holding company. Banks kept his end of the contract by paying for the box on a semi annual basis. The contract that Bank's signed mentioned nothing about The UPS Store being able to disseminate his personal, business, financial or other information to third parties.

19. During 2003, 2004 and 2005 the manager of the UPS Store handed over Banks personal records to law enforcement officers without being presented with a search warrant. At least 15 months of Bank statements containing all of Bank's information were given up along with Banks

social security number, address, birth date, drivers licence. Banks did not give consent for the records to be given up and did not sign any waiver and did not want such personal information disclosed.

20. Banks entered into frequent contracts with Giant Eagle and was a frequent shopper at the grocery store. Each time he made a purchase Bank's kept his end of the contract by paying Giant Eagle in good funds. Giant Eagle had a sign posted stating that it video taped shoppers to prevent shoplifting theft. Banks kept his end of the contract by not shopping lifting The contract that Bank's signed each time he made a purchase nor the sign mentioned anything about Giant Eagle being able to disseminate the video taped images to any third parties.

21. During 2004, 2005 Jim Rozboril handed over Banks video taped images to law enforcement officers without being presented with a search warrant. The footage showed Banks in at least two images shopping at the store. Banks did not give consent for the images to be given up and did not sign any waiver and did not want such personal information disclosed to third parties.

**COUNT 1-2000 - Right To Financial Privacy Act** - (PNC BANK; CEO, PNC BANK; NATIONAL CITY BANK; CEO NATIONAL CITY BANK; ROBERT DICKEY; WELLS FARGO BANK; CEO WELLS FARGO BANK; CHRISTINE ANDERSON; EUREKA BANK; CEO EUREKA BANK; CITIZENS BANK; CEO CITIZENS BANK; SKY BANK; CEO SKY BANK; STEVEN ZINGER; ("Financial Defendants"))

22. Paragraphs 1 through 21 are hereby incorporated by reference and realleged as if fully set forth again.

23. By subjecting Banks to the above cited violations of the Right To Financial Privacy Act Financial Defendant's infringed on Bank's rights to Financial Privacy by disseminating his

7

records to unauthorized third parties without his consent and no written certification was supplied to Defendants by the government as required by 12 U.S.C. § 3403(b) which violated Bank's right to financial privacy under the act. Financial Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

24.     As such he is entitled to damages pursuant to 12 U.S.C. §§ 3401-3422 in the amount of $1,000 for each violation per each defendant totaling $500,000.00 and punitive damages in the amount of $1,000,000.00 totaling $1,500,000.00.

### COUNT 2001- 20016 - Breach of Contract

25. Paragraphs 1 through 24 are hereby incorporated by reference and realleged as if fully set forth again.

26.     By subjecting Banks to the above cited violations and breaching the contract by disclosing his personal records and identifying personal information to third parties Defendants acted in bad faith and damaged Banks. Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

27.     As such he is entitled to damages pursuant to Breach of Contract in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

### COUNT 2017 - Breach of the Implied Covenant of Good Faith and Fair Dealing

Paragraphs 1 through 28 are hereby incorporated by reference and realleged as if fully set forth again.

28.     By subjecting Banks to the above cited violations and breached the implied covenant of good faith and fair dealing by disclosing his personal records and identifying personal information to third parties Defendants acted in bad faith and damaged Banks. Defendants

8

actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

29.   As such he is entitled to damages pursuant to Breach of the Implied Covenant of Good Faith and Fair Dealing in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

### COUNT 2018 - Conversion

30. Paragraphs 1 through 29 are hereby incorporated by reference and realleged as if fully set forth again.

31.   By subjecting Banks to the above cited violations and converting his software products Defendants Amazon.com and Rhonda Van Winkle converted Bank's funds to their own use and acted in bad faith and damaged Banks. Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

32.   As such he is entitled to damages pursuant to Conversion in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

### COUNT 2019 - Intentional Interference with existing Contractual Relations

Paragraphs 1 through 33. are hereby incorporated by reference and realleged as if fully set forth again.

34.   By subjecting Banks to the above cited violations and the Intentional Interference with existing Contractual Relations by disclosing his personal records and identifying personal information to third parties Defendants acted in bad faith and damaged Banks. Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

35. As such he is entitled to damages pursuant to Intentional Interference with existing Contractual Relations in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

### COUNT 2020 - Intentional Interference with Prospective Economic Advantage

36. Paragraphs 1 through 35 are hereby incorporated by reference and realleged as if fully set forth again.

37. By subjecting Banks to the above cited violations and the Intentional Interference with Prospective Economic Advantage by disclosing his personal records and identifying personal information to third parties Defendants acted in bad faith and damaged Banks. Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

38. As such he is entitled to damages pursuant to Intentional Interference with Prospective Economic Advantage in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

### COUNT 2021 - Negligent Interference with Prospective Economic Advantage

39. Paragraphs 1 through 38 are hereby incorporated by reference and realleged as if fully set forth again.

40. By subjecting Banks to the above cited violations and Negligent Interference with Prospective Economic Advantage by disclosing his personal records and identifying personal information to third parties Defendants acted in bad faith and damaged Banks. Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

41. As such he is entitled to damages pursuant to Negligent Interference with Prospective Economic Advantage in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

## COUNT 2022 - Improper Interference with Contract

42. Paragraphs 1 through 41. are hereby incorporated by reference and realleged as if fully set forth again.

43. By subjecting Banks to the above cited violations and Improper Interference with Contract by disclosing his personal records and identifying personal information to third parties Defendants acted in bad faith and damaged Banks. Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

44. As such he is entitled to damages pursuant to Improper Interference with Contract in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

## COUNT 2023 - Unjust Enrichment

Paragraphs 1 through 44 are hereby incorporated by reference and realleged as if fully set forth again.

45. By subjecting Banks to the above cited violations and Unjust Enrichment by disclosing his personal records and identifying personal information to third parties Defendants acted in bad faith and damaged Banks. Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

46. As such he is entitled to damages pursuant to Unjust Enrichment in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

## COUNT 2024 Breach of

## Express Warranties and Fraud Claims

Paragraphs 1 through 46 are hereby incorporated by reference and realleged as if fully set forth again.

47. By subjecting Banks to the above cited violations and Breach of Express Warranties and Fraud Claims by disclosing his personal records and identifying personal information to third parties Defendants acted in bad faith and damaged Banks. Defendants actions were willful, intentional, knowing, intelligent, malicious, and scandalously done and damaged Banks.

48. As such he is entitled to damages pursuant to Breach of Express Warranties and Fraud Claims in the amount of $350,000.00 and punitive damages in the amount of $700,000.00 totaling $1,050,000.00.

WHEREFORE, the Plaintiff, Frederick Banks respectfully demands that judgment be entered for the Plaintiff and against the Defendants in the amount of $10,700,000.00 plus costs and fees.

Respectfully submitted,

Frederick Banks
05711-068
Federal Prison Camp
Canaan
PO Box 200
Waymart, PA 18472

PLAINTIFF