UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK BANKS,

        Plaintiff,

    v.

PNC BANK, et al.,

        Defendants.

CASE NO. C06-1109JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on nine motions to dismiss Plaintiff Frederick Banks's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the following Defendants: Giant Eagle and Jim Razboril (Dkt. # 38); UPS Store (Dkt. # 42); Citizens Bank (Dkt. # 45); Sky Bank and Steven Zinger (Dkt. # 47); Wells Fargo Bank and Christina Anderson (Dkt. ## 55, 62); Amazon.com and Rhonda Van Winkle (Dkt. # 60); National City Corporation and Robert Dickey (Dkt. # 61); and PNC Bank (Dkt. # 74).[1]  For the reasons stated below, the court GRANTS certain Defendants' motions to

---

[1] Mr. Banks voluntarily dismissed or failed to serve the remaining Defendants (Dkt. # 20).

ORDER – 1

dismiss (Dkt. ## 45, 47, 55, 61, 62, and 74), and DENIES as moot the remaining motions to dismiss (Dkt. ## 38, 42, and 60).

## II. BACKGROUND

The basis for Mr. Banks's claims in this matter arise out of Defendants' cooperation with federal law enforcement in the investigation and eventual conviction of Mr. Banks for mail fraud, copyright infringement, money laundering, uttering and possessing counterfeit and forged securities, and witness tampering. See United States v. Banks, No. 03-CR-245 (W.D. Pa. Feb. 28, 2005). Mr. Banks is currently serving his sentence at a federal correctional facility in Yazoo City, Mississippi.[2]

Mr. Banks filed this suit against six financial institutions and four of their employees, Giant Eagle and Jim Razboril; Citizens Bank; Sky Bank and Steven Zinger; Wells Fargo Bank and Christina Anderson; National City Corporation and Robert Dickey; and PNC Bank (collectively, the "Financial Institutions"). Mr. Banks sued the Financial Institutions for allegedly disseminating his personal, financial, and other information to law enforcement personnel without first being presented with a search warrant in violation of the Federal Right to Financial Privacy Act. Compl. ¶¶ 4-15 (citing 12 U.S.C. § 3401-3422). This is the only federal claim asserted in the complaint, and the sole basis for this court's subject matter jurisdiction.

---

[2]During the court's review of Defendants' motions and Mr. Banks's response to these motions, it came to light that Mr. Banks is currently subject to the "three strikes" filing rule set forth in the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915(g). See, e.g., Banks v. Hayward, et al., No. 2:06-cv-00509 (W.D. Pa. May 30, 2006); Banks v. Hayward, et al., No. 2:06-cv-01572 (W.D. Pa. Jan. 10, 2007); Banks v. Dove, et al., No. 1:06-cv-02289 (M.D. Pa. Jan. 16, 2007); and Banks v. Pittsburgh Tribune Review, et al., No. 2:07-cv-00336 (W.D. Pa. May 4, 2007). This rule does not preclude a prisoner from filing a civil action, but instead bars the prisoner from qualifying for in forma pauperis status. Because Mr. Banks filed this action shortly before obtaining his third strike, the court permitted him to proceed in forma pauperis.

ORDER – 2

Mr. Banks sued the non-financial entities and their employees for allegedly violating various state laws, although he does not identify any particular applicable state law. Compl. ¶¶ 25-28. Mr. Banks sued Amazon.com, and one of its employees, for disseminating his personal, business, and financial information to third parties. Id. at ¶ 17. Mr. Banks sued the UPS Store and its manager based on similar allegations relating to the release his information. Id. at 18-19. And, Mr. Banks sued Giant Eagle, a grocery store, and its employee for disseminating to law enforcement personnel images of him shopping at its store. Id. at 20-21.

The Financial Institutions move to dismiss Mr. Banks's complaint based on the absolute immunity provided to financial institutions under the Annunzio-Wylie Anti-Money Laundering Act, 31 U.S.C. § 5318(g)(3). The remaining Defendants move to dismiss the complaint on a number of different bases, including lack of personal and subject matter jurisdiction. As discussed below, the court dismisses the claims against the Financial Institutions based on their absolute immunity, and declines to exercise supplemental jurisdiction over Mr. Banks's remaining state law claims.

### III.   DISCUSSION

**A.   Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-8 (9th Cir. 1996). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. See Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). Dismissal for failure to state a claim should not be granted "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations and citations omitted).

ORDER – 3

**B.    The Financial Institutions Are Immune From Suit For Disclosing Mr. Banks's Information to Law Enforcement Personnel**

The Financial Institutions contend that Mr. Banks's claims against them, including his federal claim under the Right to Financial Privacy Act, must fail because they are afforded absolute immunity pursuant to the Annunzio-Wylie Anti-Money Laundering Act ("the Act"), also known as the "safe harbor" provision. The Act provides that:

> Any financial institution that makes a voluntary disclosure of any possible violation of law or regulation to a government agency or makes a disclosure pursuant to this subsection or any other authority, and any director, officer, employee, or agent of such institution who makes, or requires another to make any such disclosure, shall not be liable to any person under any law or regulation of the United States, any constitution, law, or regulation of any State or political subdivision of any State, or under any contract or other legally enforceable agreement (including any arbitration agreement), for such disclosure or for any failure to provide notice of such disclosure to the person who is the subject of such disclosure or any other person identified in the disclosure.

31 U.S.C. § 5318(g)(3). This provision insulates a financial institution, and its employees, from liability for disclosures to law enforcement personnel of any possible violation of law or regulation pursuant to any authority. Id.; see also Miranda De Villalba v. Coutts & Co., 250 F.3d 1351, 1353 (11th Cir. 2001). Here, Mr. Banks alleges that the financial institutions "handed over Banks [sic] personal records to law enforcement" without a search warrant and without his consent. See Compl. ¶¶ 6-15. Because the Act insulates the Financial Institutions from any liability for "voluntary" disclosures, and Mr. Banks alleges that they did just that, the court finds the absolute immunity or safe harbor provided in the Act governs Mr. Banks's claims against the Financial Institutions. Accordingly, the court concludes that Mr. Banks can prove no set of facts in support of his claims against the Financial Institutions which would entitle him to relief. See Wyler Summit, 135 F.3d at 661.

ORDER – 4

**C.     The Court Declines to Exercise Supplemental Jurisdiction Over the Pendent State Claims**

Mr. Banks also asserts state law claims against both the Financial Institutions and the other Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, intentional interference with existing contractual relations, intentional and negligent interference with prospective economic advantage, improper interference with contract, unjust enrichment, express warranty, and fraud.  Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims "that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy."  Section 1367 further provides, however, that where the district court "has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over the state law claims.  Id. at 1367(c)(3).  In this order, the court dismisses Mr. Banks's federal claims against the Financial Institutions, leaving only his state law claims for adjudication.  Based on section 1367(c)(3), the court declines to exercise jurisdiction over the state law claims.

## IV.  CONCLUSION

For the above reasons, the court GRANTS the Financial Institutions' motions to dismiss Mr. Banks's federal claim (Dkt. ## 45, 47, 55, 61, 62, and 74), declines to exercise jurisdiction over his pendent state law claims, and therefore DENIES the remaining motions as moot (Dkt. ## 38, 42, and 60).

The court directs the clerk to enter judgment consistent with this order.

Dated this 14th day of August, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 5